## FOWLER et al. v. HALL.

No. 19495. Opinion Filed June 3, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

G. W. Cornell and Odyne O. Cornell, for plaintiffs in error.

Fred W. Green, for defendant in error.

HERR, C. This is an action by Annette Fowler and others, as heirs at law of W. H. Fowler, deceased, against F. A. Hall to cancel a deed to 160 acres of land located in Logan county and executed by deceased and Annette Fowler, his wife, to defendant F. A. Hall. The trial was to the court, resulting in a judgment in favor of defendant. Plaintiffs appeal.

Appellants' first assignment is that the court erred in overruling their demand for a jury trial. It is their contention that the action is one for the recovery of specific real property, and that they were therefore, entitled to a jury as a matter of right. We do not agree with this contention. In our opinion, the petition does not state a cause of action for the recovery of real property, and is, in no sense, an action in ejectment.

The petition, in substance, alleges: That in 1914, W. H. Fowler, since deceased, was the owner of the premises here involved; that said property was his homestead; that the defendant claims to be the owner thereof by virtue of a purported deed executed by said deceased and his wife; that such deed was executed while the grantors were temporarily residing in the state of Arkansas, and was not executed as the joint act of husband and wife; that while in Arkansas said deceased received an offer of $6,700 by telegram from a broker in Oklahoma for said premises; that he was not then advised who the purported purchaser was; that there was a mortgage against the premises in the sum of $2,000; that said deceased executed the deed, and then forwarded the same to h's wife, who also executed the same; that it was executed in blank; that neither the consideration nor the name of the grantee was inserted therein; that the same was in this condition delivered to the Farmers & Merchants Bank at Crescent, Okla., in escrow, with instructions to said bank to find a purchaser therefor, and, when a purchaser was found willing to pay therefor the sum of $6,700, to insert the name of such grantee together with the consideration in the deed, and, upon payment thereof, to deliver the same to such grantee; that, in violation of said instructions, said bank delivered the deed to defendant Hall; that said defendant paid therefor the sum of $3,500; that the said deceased, W. H. Fowler, at no time authorized the sale of said premises for said sum and authorized no one to insert the name of the grantee in the deed for said sum, and

that he, in fact, at no time received any part of said consideration. It is further alleged that defendant Hall knew of the conditions upon which the deed was deposited in said bank, and knew that said bank was without authority to accept the sum of $3,500 for said premises. The prayer is that said deed be canceled and removed as a cloud upon plaintiffs' title; that plaintiffs be declared to be the rightful owners thereof, and that they have such other and further relief, to which, in law or in equity, they may be entitled.

It will be observed that the petition does not contain the allegations necessary to constitute a cause of action in ejectment. There is no allegation that plaintiffs are the legal or equitable owners of the premises; or an allegation that defendant is in the unlawful possession thereof, or that he wrongfully withholds the same from plaintiffs. Neither is there any allegation that plaintiffs are entitled to possession of the premises. There is no allegation that defendant was ever in possession of the premises. It is merely alleged that he wrongfully and fraudulently procured possession of the deed; that the same was not properly executed; and that the same constitutes a cloud on plaintiffs' title, and the equitable power of the court is invoked to remove this alleged cloud.

The petition pleads purely a cause of action in equity. Plaintiffs were, therefore, not entitled to a trial by jury as a matter of right, as is held by this court in the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053. Therein it is said:

"A petition which alleges a state of facts which do not show that plaintiff is the owner of the legal or equitable title and entitled to the immediate possession of the premises does not plead a statutory action for the recovery of specific real property; but where the petition alleges a state of facts on account of which equitable relief is prayed to the end that the legal title to the premises in question may be adjudged and decreed reinvested in plaintiff, it pleads a cause of action for the determination of an adverse interest in real estate; and where it seeks to rescind a deed on the ground of fraud, the equitable remedy of rescission being invoked and the determination of the right claimed in the premises being predicated upon a cause of action in rescission, the action is one of equitable cognizance, and not a statutory action for the recovery of specific real property, although the possession or the right to the possession may follow as an incident to the granting of the equitable remedy."

The question of the statute of limitation is discussed at length by both parties. Plaintiffs contend that the 15-year statute applies,

while defendant contends that the case is governed by the two-year statute. We deem it unnecessary to pass upon this question as, in our opinion, defendant is clearly entitled to prevail on the merits.

The evidence of plaintiffs tends to support the allegations of their petition, with the exception that there is no testimony tending to establish that the premises in question were ever used or occupied as a homestead: Nor is there evidence tending to establish fraud on the part of defendant Hall. The deed offered in evidence by plaintiffs recites a consideration of $3,500, subject to a $2,000 mortgage. The evidence offered by plaintiffs wholly fails to establish that defendant had knowledge that deceased, Fowler, did not authorize the sale of the premises for this sum. It is undisputed that defendant had no dealing with either plaintiffs or deceased; that he dealt with a real estate broker at Crescent, Okla., by the name of Ward. Defendant testified that Mr. Ward priced the land to him at $3,500; that he was advised by said Ward that the deed to the land had been executed by the Fowlers and was then on deposit in the Farmers & Merchants Bank; that, when he first saw the deed, it was fully executed; that his name as grantee, as well as the consideration, was at that time therein inserted; that he paid the bank cash in the sum of $1,500, and thereafter paid off a mortgage against the premises in the sum of $200; and that the deed was thereupon delivered to him. Arnold Beyer, an official of the bank, testified that the deed was fully executed at the time it was deposited in the bank; that both consideration and name of the grantee were at said time inserted therein. Hugh Adams, cashier of the bank, testified that Mr. Ward deposited the deed in the bank; that same, at said time, had both the consideration and name of the grantee inserted therein; that he was instructed by said Ward to deliver the deed to defendant when the consideration therein expressed was paid by him; that Mr. Ward stated to him that the full consideration for the premises was $3,500; that everything was to be paid out of the $3,500; that defendant paid to said bank the sum of $1,500 in cash, and assumed the $2,000 mortgage; that the bank paid, at the direction of Mr. Ward, certain expenses and liens against the land out of the $1,500 and remitted the balance to deceased, Fowler, by draft; that an itemized account of the expenses paid was mailed by him to said deceased, and that he at no time heard any complaint about the transaction until the filing of this suit.

The deed was recorded March 16, 1914.

W. H. Fowler died August 12, 1920. This suit was filed July 27, 1927. Plaintiff, Mrs. Fowler, testified that no complaint was made by herself or husband in regard to the transaction, prior to the filing of this suit. She testified that she knew the real estate broker, Ward, had sold the land. She knew, as alleged in the petition, that the transaction was to be closed through the bank. She further testified, however, that neither the plaintiffs nor her deceased husband received any of the proceeds derived from this sale, yet, that neither she nor her husband communicated with the bank, at any time subsequent to the sale, nor at any time requested the bank to remit the proceeds.

Under this evidence, and in these circumstances, a finding that plaintiff, or her deceased husband, in fact, received the proceeds, is justified. But whether such be, in fact, true, is immaterial, as defendant could in no wise be held responsible for failure of the bank to remit.

It is quite clear from the evidence of plaintiffs that the sale of the premises was entrusted to the real estate broker, Ward, by deceased, and that said Ward was acting as agent of deceased in the matter. The clear weight of the evidence supports the contention that the deed was deposited in the bank by Mr. Ward; that it was at said time fully executed; that it contained no unfilled blanks; and that the same was delivered to defendant by the bank in accordance with instructions given by Mr. Ward. The evidence discloses that Mr. Ward was dead at the time of the trial, and it was, therefore, impossible to establish what took place between him and Mr. Fowler. But sufficient is disclosed by the evidence of plaintiffs to establish that the sale of the farm was entrusted to said Ward by deceased, Fowler.

The evidence fails to establish that the deed in question was delivered by the bank to defendant Hall in violation of instructions. It falls far short of establishing that the deed was executed and delivered to the bank in blank, and wholly fails to establish fraud. There is no proof to the effect that the premises in question were, at the time of sale, or at any time prior thereto, occupied by the Fowlers as a homestead. None of the allegations of plaintiffs' petition are sufficiently supported by the evidence.

The case was closed and argued by counsel on December 6, 1927. The cause was then continued for briefing until January 5, 1928, at which time, at the request of defendant, same was reopened and defendant permitted to offer evidence as to the value of the

premises. Plaintiffs then requested the court to continue the case for the purpose of procuring evidence to rebut this testimony. The court denied the request, and in so doing stated that he regarded the evidence as very immaterial, and that the same would, in no manner, affect his decision. Plaintiffs assign this ruling as error. In our opinion, the assignment is not well taken. The evidence offered by defendant was within the issues raised by the answer. Counsel for defendant served notice on counsel for plaintiffs that an application would be made by him to reopen the case. The evidence offered was regarded as immaterial by the trial court, and we so regard it on this appeal. Any evidence that plaintiffs might have offered as to the value of the premises, in our opinion, would in no wise change the result. There was, therefore, no error in denying the application.

Judgment should be affirmed.

BENNETT, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur. TEEHEE, Commissioner, absent, and not participating.

By the Court: It is so ordered.